# BLEAKLEY PLATT & SCHMIDT, LLP  FILED

SIXTY-SIX FIELD POINT ROAD
GREENWICH, CT 06830-6473
(203) 661-5222
FACSIMILE (203) 661-1197

2004 MAR -3  P 5: 15

US DISTRICT COURT

NEW YORK OFFICE
ONE NORTH LEXINGTON AVENUE
P.O. BOX 5056
WHITE PLAINS, NY 10602-5056
(914) 949-2700
FACSIMILE (914) 683-6956

E-Mail: info@bpslaw.com
Internet: www.bpslaw.com

DIRECT E-MAIL: mstern@bpslaw.com

February 25, 2004

Hon. Stefan R. Underhill
United States District Court
915 Lafayette Street
Bridgeport, CT 06604

RE:   RCM, Inc. vs. Ohio Machinery
      USDC Case No. Case No. 302CV211 SRU

Dear Judge Underhill:

I have the second speaking letter motion for adjournment of the pre-trial conference from Defendant's counsel dated February 24, 2004. We did not have the opportunity to object to the first request due to the fact that it was sent to our prior office and we received the request late and did not receive the Court's order until after the date for the pre-trial had past. However, at this instance our client must strenuously object to the request for continued delay and adjournment by Defendants.

As you know, the Court has ordered the prejudgement remedy of replevin and the subject equipment is now in possession of the Defendants, essentially putting our client out of business. We believe that this latest request for delay is solely to further abuse the Defendant's superior economic position to injure our client and deprive them of a remedy. It is further unclear from the Court's prior orders as to whether this equipment must be preserved by the Defendants pending final resolution at trial. It would seem that if the remedy advanced by the Court was in the form a prejudgment remedy according to the state statute, until a final judgment the equipment remains subject to return to our client. This appears to be supported by the Defendant's contention that resolution of the partial summary judgment motion is still necessary to finally determine ownership (*see February 24, 2004 letter*....if the Court ***were to determine*** that defendant owns the Rock Crusher......") We respectfully request clarification from the Court on this issue, as well as instruction to the Defendant to retain, protect and preserve the equipment until the issue is fully and finally resolved, including any appeals.

Hon. Stefan R. Underhill
February 25, 2004
Page Two
=====================

      We remain ready for the pre-trial scheduled for March 24, 2004. We will have the joint pre-trial order prepared and served in accordance with the Court's, all jury instructions, voir dire questions, exhibits and trial materials prepared and we will be ready for trial on that day. Our client continues to be prejudiced by the delay of the trial in this matter. Absent Defendant's continued delays in discovery and motion practice this case would have been tried and completed by now. It is clear that the motion for partial summary judgment will not obviate the need for a trial, only perhaps narrow a very small issue. Given that the equipment is already in the possession of the Defendant it would appear that a trial is in order to resolve the remaining issues. Additionally, it is not clear as to whether there is any motion for summary judgement pending at all. I previously addressed this issue to the Court and requested clarification of the Defendant's unique form of "dual" motion which did not appear to comply with the local or Federal Rules. When the hearing before the Magistrate was scheduled and heard it remained unclear as to exactly what motion papers related to which motion and what would and would not be considered by the Court.

      Given the above, it would seem to be in the best interests of all parties at this point to resolve this matter through trial as quickly as possible without further delays.

      Please call or write if you have any further question or comment.

                                        Very truly yours,

                                        MARK STERN, Esq.

cc: Douglas Skalka, Esq.
    Client
:sm

#21

02CV 2192 mot time

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID BRUNO,
        **Plaintiff**

V.

GREENWICH BOARD OF EDUCATION,
        **Defendant**

2004 FEB 25 A 10:17

CIVIL ACTION No.

3:02 CV 2192 (WWE)

FEBRUARY 23, 2004

### MOTION FOR ENLARGEMENT OF TIME

In accordance with the provisions of Rule 9(a) and 9(b) of the *Local Rules of Civil Procedures, as amended*, the plaintiff respectfully requests a thirty-day extension of time from February 27, 2004 up to and including March 29, 2004, to file the plaintiff's dispositive motion in this action. This request has been necessitated by several scheduling conflicts in pending judicial and administrative proceedings, including the preparation of administrative hearings and the preparation and the filing of memoranda of law in other pending matters. This request for an enlargement of time has not been submitted for the purpose of delay and prejudice will not inure to either party if the Court grants this extension of time.

Counsel for the defendant has been contacted and there is no objection to the plaintiff's request.

This is the first request for an extension of time submitted by the plaintiff.

WHERFORE, for the foregoing reasons, the plaintiff respectfully requests that the Court grant this Motion for Enlargement of Time.

Motion GRANTED
WARREN W. EGINTON
Senior United States District Judge
3-3-04

FILED 2004 MAR -3 P 5:09
US DISTRICT COURT
BRIDGEPORT CT

Respectfully submitted,

THE PLAINTIFF

By _____
Lawrence W. Berliner
His Attorney
Klebanoff and Alfano, P.C.
433 South Main Street
Suite 102
West Hartford, CT 06110
1-860-313-5005
Federal Bar No. ct 7002

## CERTIFICATION

I hereby certify that a copy of the foregoing Motion for an Enlargement of Time was mailed postage prepaid on this 24th day of February, 2004 to:

Attorney Valerie Maze
Assistant Town Attorney
Town of Greenwich-Law Department
101 Field Point Road
Greenwich, CT 06836-3816

_____
Lawrence W. Berliner

2